IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER CASE, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-777-WKW |
| | ) | [WO] |
| KAY IVEY, in her individual capacity | ) | |
| and official capacity as Governor | ) | |
| of Alabama, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

On September 24, 2020, Jennifer Case, Rebecca Callahan, Pastor Mark Liddle, Pastor Jim Nelson, Dr. R. S. Porter, Scott Farr, and Bruce Ervin (collectively "Plaintiffs") filed suit in the Northern District of Alabama[1] against the Governor of Alabama, Kay Ivey, and the State's Health Officer, Dr. Scott Harris (collectively "Defendants").   In their complaint, Plaintiffs allege that certain proclamations and orders issued by Defendants to help combat the spread of COVID-19 violate their rights under both the United States Constitution and Alabama Constitution.   (Doc. #1.)   Specifically, Plaintiffs challenge Defendants' actions under the First

---

[1] On September 29, 2020, this action was transferred to the Middle District of Alabama. (Doc. #14.)

Amendment, Fifth Amendment, and Fourteenth Amendment of the United States Constitution, as well as under Article III, § 42 of the Alabama Constitution.

Now before the court is Plaintiffs' Motion for Temporary Restraining Order, filed on September 24, 2020.  (Doc. # 2.)   Plaintiffs ask the court to enjoin Defendants "from enforcing the orders, proclamations, directives, mandates, regulations, etc [sic] with regard to wearing of masks, unconstitutional regulation of houses of worship, discriminatory closing of businesses, social distancing, assembly, and stay at home orders."   (Doc. # 1, at 28.)   Defendants filed an opposition to the motion on September 27, 2020.  (Doc. # 10.)   Upon careful consideration of the record, Plaintiffs' Motion for Temporary Restraining Order is due to be denied.

"A temporary restraining order protects against irreparable harm and preserves the status quo until a meaningful decision on the merits can be made." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1297 (11th Cir. 2005).   Where notice is given, as it was here, a temporary restraining order requires the same four elements as a preliminary injunction.   These four elements are "(1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest."   *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009).

The movant bears the burden of establishing entitlement to a temporary restraining order.   *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

Importantly, "[a temporary restraining order] requires showing *imminent* irreparable harm."   *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (citations and internal quotations omitted) (emphasis added).   This imminency requirement is "premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits.   *Id.* (citations omitted).   Further, "[a] delay in seeking a [temporary restraining order] of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm."   *Id.*

In the instant case, Plaintiffs' inexplicable delay in seeking a temporary restraining order against Defendants prevents them from establishing irreparable harm, thus scuttling their motion.   Notably, prior to the filing of their motion on September 24, 2020, Plaintiffs had multiple opportunities to seek a temporary restraining order against Defendants.   Instead, they chose not to act.

For example, Plaintiffs could have filed their motion on any one of the following dates:   March 19, 2020, when Defendant Harris issued an order prohibiting non-work-related gatherings of twenty-five persons or more (Doc. # 1-

3

1, at 10); March 28, 2020, when Defendant Harris issued an order prohibiting non-work-related gatherings of ten persons or more (Doc. # 1-1, at 18); April 3, 2020, when Defendant Harris issued an order specifying limited carve outs from previous prohibitions on gatherings for religious services and for essential businesses (Doc. # 1-2, at 2-6); or July 15, 2020, when Defendant Ivey issued a proclamation requiring the wearing of masks in certain designated areas (Doc. # 1-4, at 1).

So, at least, Plaintiffs delayed more than two months in filing their motion; at most, they delayed more than five months.  Either way, Plaintiffs waited an impermissible amount of time to seek the "extraordinary and drastic remedy" of a temporary retraining order.  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Thus, Plaintiffs' "failure to act with speed or urgency in moving for [a temporary restraining order] necessarily undermines a finding of irreparable harm."  *Wreath, LLC*, 840 F.3d at 1248; *see also Thompson v. Alabama*, No. 2-16-cv-783-WKW, 2017 WL 3223915, at *11 (M.D. Ala. July 28, 2017) (finding that the plaintiffs' two-and-a-half month delay in filing their preliminary injunction cut against the urgency of the relief sought); *Grames v. Sarasota Cty. Florida*, No. 20-cv-739-CEH, 2020 WL 1529539, at *4 (M.D. Fla. Mar. 31, 2020) (noting "this Court has previously determined that a plaintiff cannot establish the threat of irreparable injury sufficient

4

to warrant entry of an *ex parte* temporary restraining order where the emergency nature of the motion is caused by the plaintiff's own delay").

Accordingly, for the reasons discussed above, it is ORDERED that Plaintiffs' Motion for Temporary Restraining Order (Doc. # 2) is DENIED.

DONE this 6th day of October, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE