IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER CASE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:20-CV-777-WKW |
| | ) | [WO] |
| KAY IVEY, in her individual | ) | |
| capacity and official capacity as | ) | |
| Governor of Alabama, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The court carefully has reviewed the submissions of all parties on Defendants'
Motion to Dismiss (Doc. # 24) the Amended Complaint (Doc. # 19) and finds that
the motion is due to be granted because the Amended Complaint is a shotgun
complaint.  Plaintiffs will be given 21 days to file an Amended Complaint in
compliance with this Order and Rule 8(a) of the Federal Rules of Civil Procedure.

Shotgun complaints come in a variety of forms.  "The unifying characteristic
of all types of shotgun pleadings is that they fail to one degree or another, and in one
way or another, to give the defendants adequate notice of the claims against them
and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's*

*Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted).  The Amended Complaint is a shotgun complaint for several reasons.

To illustrate, first, each count adopts and incorporates the allegations of all preceding counts, unavoidably resulting in all but the first having irrelevant factual allegations and legal conclusions.  (*See*, *e.g.*, Doc. # 19 ¶¶ 42, 90, 100, 109, 118, 137, 145, 151, and 161); *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (explaining that one form of a shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions.").

Second, the Amended Complaint is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts" and arguments that stray from the statutory and constitutional underpinning of discrete causes of action.  *Weiland*, 792 F.3d at 1322 (citations omitted).  Facts, parties, and counts are not connected clearly, causing speculation as to which belongs to the other.

Third, the capacity in which each Defendant is sued is ambiguous.

Fourth, extraneous and confusing material is contained in the body of the Amended Complaint and in the referenced attachments.  As an example of the latter, the Amended Complaint's incorporation of both an affidavit and unsworn statement from Plaintiff Case—each of which contains what the court must suppose will be

2

her testimony at length—confuses the issues and allegations. (*See* Doc. # 19, at 2 ¶ 10 (incorporating by reference Exhibit F (Doc. # 1-6, at 3–8).) As illustrative of the former, the Amended Complaint recites the history and framework of the Due Process Clause (Doc. # 19, ¶¶ 44–50), content more appropriate for a legal brief, and certainly not a "short and plain statement" of the allegations and causes of action as required by Rule 8(a). *See* Fed. R. Civ. P. 8(a).

Fifth, Plaintiffs' claim for damages under 42 U.S.C. § 1983 fails to identify the elements of the cause of action, the Defendant or Defendants responsible, and which Plaintiff or Plaintiffs is/are entitled to that relief.

Sixth, the Amended Complaint fails to allege how injuries are fairly traceable to one or both Defendants as to specific Plaintiffs. Parties, causes of action, injuries, causation, and redressability should be specific and match. With the passage of time and the fluidity of the COVID-19 pandemic, it appears that, at the time of filing the Amended Complaint, the Governor had issued at least eight proclamations or orders, and that the State Health Officer had issued at least ten. There may have been more since. Owing to the uncertainty of the facts at any given point in time, the Amended Complaint should separate past alleged sins of Defendants (identifying which Defendant is guilty of which failing) from existing "live" provisions; which past sins are capable of repetition and escaping review; which lead to damages; and which

support a declaratory judgment (in other words, as to the latter two, how to redress alleged injuries).

The next Amended Complaint should identify the authority to enforce particular orders and should tie that authority to a named Defendant, specifically alleging how that Defendant has enforced or may enforce his or her orders. Additionally, the next Amended Complaint should avoid duplicative counts.

Based on the foregoing, it is ORDERED as follows:

(1)     Defendants' Motion to Dismiss the Amended Complaint (Doc. # 24) is GRANTED.

(2)     The Amended Complaint (Doc. # 19) is DISMISSED because it is a shotgun pleading.

(3)     Plaintiff shall have 21 days from the date of this Order to file a Second Amended Complaint that complies with the requirements of this Order and Rule 8(a).  Any documents referenced as exhibits in the Second Amended Complaint shall be attached to it.

(4)     Defendants shall file a responsive pleading or appropriate motion within 14 days after the filing of the Second Amended Complaint.

It is further ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint to Join Additional Party (Doc. # 36) is DENIED with prejudice

on the facts, theories, and claims alleged as to Charles W. Hatcher II, for lack of an injury traceable to any Defendant.

DONE this 15th day of December, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE